IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-83-D
No. 7:16-CV-142-D

| | | |
|---|---|---|
| WILLIS SARVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 9, 2016, Willis Sarvis ("Sarvis") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 134]. On October 11, 2016, in response to a court order directing him to do so, Sarvis amended his section 2255 motion [D.E. 138]. On October 17, 2016, Sarvis moved for appointment of counsel [D.E. 139]. On November 17, 2016, Sarvis filed a corrected section 2255 motion [D.E. 141]. On February 23, 2017, the government moved to dismiss Sarvis's section 2255 motions [D.E. 146] and filed a memorandum in support [D.E. 147]. On March 21, 2017, Sarvis moved to amend his section 2255 motion [D.E. 152] and responded in opposition to the government's motion to dismiss [D.E. 153]. As explained below, the court grants Sarvis's motion to amend, considers the new claims, grants in part and denies in part the government's motion to dismiss, dismisses Sarvis's section 2255 motions except for his ineffective-assistance claim concerning trial counsel's alleged advice concerning an alleged plea offer, and denies Sarvis's motion for appointment of counsel.

I.

On July 14, 2011, Sarvis was indicted for distributing a quantity of phencyclidine (count one), being a felon in possession of a firearm (count two), and possession of a firearm in furtherance

of a drug trafficking crime (count three) [D.E. 1]. On February 21, 2012, Sarvis pleaded guilty to count two. See [D.E. 25] 1–18. On January 16, 2013, a jury found Sarvis guilty of counts one and three. See [D.E. 69, 73]. On November 15, 2013, at Sarvis's sentencing hearing, the court calculated Sarvis's total offense level to be 38, his criminal history category to be VI, and his advisory guideline range on counts one and two to be 360 months to life and on count three to be 60 months consecutive to whatever sentence was imposed on counts one and two. See [D.E. 105]; Sentencing Tr. [D.E. 115] 6–19. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Sarvis to 240 months' imprisonment on count one, 120 months' consecutive imprisonment on count two, and consecutive life imprisonment on count three. See Sentencing Tr. at 25–36.

Sarvis appealed. On February 4, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Sarvis's conviction and sentence. See United States v. Sarvis, 601 F. App'x 176, 178–81 (4th Cir. 2015) (per curiam) (unpublished).

On June 9, 2016, Sarvis filed his section 2255 motion [D.E. 134]. In his motion Sarvis makes four claims: (1) his life sentence on count three violates his right to grand jury indictment under the Fifth Amendment and his right to a jury trial under the Sixth Amendment as discussed in Alleyne v. United States, 133 S. Ct. 2151 (2013), Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Jones, 526 U.S. 227 (1999); (2) his conviction on count three is "illegal" because the grand jury charged count three in the conjunctive; (3) he is legally innocent of the crime charged in count three; and, (4) ineffective assistance of counsel when presenting, explaining, and advising Sarvis on the government's pre-trial plea offer. See id. On October 11, 2016, Sarvis amended his 2255 motion [D.E. 138]. In the amended motion, Sarvis again alleges that his conviction on count three is "illegal" because the grand jury charged him in count three in the conjunctive. See [D.E.

2

138] 3–5. On November 17, 2016, Sarvis filed a corrected section 2255 motion with the same four claims. See [D.E. 141]. On October 17, 2016, Sarvis moved for appointment of counsel [D.E. 139].

On February 23, 2017, the government moved to dismiss Sarvis's section 2255 motions for failure to state a claim upon which relief can be granted [D.E. 146]. The government argues that Sarvis procedurally defaulted all claims other than his ineffective assistance of counsel claims and that the ineffective assistance claims fail to state a claim upon which relief can be granted. See [D.E. 147] 2–6.

On March 21, 2017, Sarvis moved to amend his section 2255 motion. See [D.E. 152]. Sarvis seeks to assert claims that he received ineffective assistance of counsel because: (1) his trial counsel was under federal investigation for mortgage fraud and thereby had an incentive to act against Sarvis's best interest; (2) trial counsel failed to meaningfully research the law; (3) trial counsel failed to meaningfully investigate the facts (including a possible Miranda violation); (4) trial counsel failed to call Sarvis's girlfriend as a witness; (5) trial counsel failed to have an expert test the firearm mentioned in the indictment; (6) trial counsel advised Sarvis not to testify; (7) trial counsel gave poor advice during plea negotiations; and (8) trial counsel failed to present a meaningful defense at trial. See [D.E. 152-1] 2–29.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule

3

12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a pleading's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Sarvis's claims that his life sentence on count three violates his right to grand jury indictment under the Fifth Amendment and his right to a jury trial under the Sixth Amendment as discussed in Alleyne, Apprendi, and Jones and that he is legally innocent of the crime charged in count three, Sarvis failed to raise these claims on direct appeal. Thus, the general rule of procedural default bars Sarvis from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Sarvis has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Accordingly, the claims fail.

4

As for Sarvis's claims that his conviction on count three is "illegal" because the grand jury charged count three in the conjunctive and that count three of the indictment failed to charge a violation of 18 U.S.C. § 924(c)(1)(A), Sarvis raised these claims on direct appeal and lost. See Sarvis, 601 F. App'x at 178–81. Sarvis cannot use section 2255 to recharacterize and relitigate a claim that he lost on direct appeal. See, e.g., Frady, 456 U.S. at 164–65; United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Roane, 378 F.3d 382, 396 & n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claims fail.

As for Sarvis's ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 133, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Sarvis must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court

5

must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); Dyess, 730 F.3d at 359–60.

For all of Sarvis's claims except the claim concerning the plea bargaining process, the court has examined the record and Sarvis's allegations and concludes that counsel's conduct falls comfortably within the wide range of professionally competent representation. See, e.g., Bobby, 558 U.S. at 11–12; Knowles v. Mirazayance, 556 U.S. 111, 127–28 (2009); Strickland, 466 U.S. at 690–700; Cuyler v. Sullivan, 446 U.S. 335, 348–50 (1980); Morva v. Zook, 821 F.3d 517, 528–32 (4th Cir. 2016); Tucker v. Ozmint, 350 F.3d 433, 444–45 (4th Cir. 2003); Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996); Bassette v. Thompson, 915 F.2d 932, 940–41 (4th Cir. 1990). Moreover, in light of the record and Sarvis's allegations, these claims also fail as to prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 690–700; Cuyler, 446 U.S. 348–50 ; Morva, 821 F.3d at 528; Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009); Beaver, 93 F.3d at 1195; Bassette, 915 F.2d at 940–41.

As for Sarvis's claim concerning counsel's alleged advice concerning an alleged plea offer, the Sixth Amendment right to counsel applies to plea bargaining. Prejudice occurs when, absent

6

deficient advice, the defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. See Lafler, 566 U.S. at 163. The Sixth Amendment requires defense counsel to communicate any plea offer from the government to the defendant. See Frye, 566 U.S. at 145. In light of Sarvis's allegations, Sarvis's ineffective-assistance claim concerning an alleged plea offer survives the government's motion to dismiss. Whether Sarvis's claim will survive a motion for summary judgment is an issue for another day.

II.

In sum, the court GRANTS Sarvis's motion for leave to file an amended section 2255 motion [D.E. 152], GRANTS in part and DENIES in part the government's motion to dismiss [D.E. 146], DISMISSES Sarvis's section 2255 motions [D.E. 134, 138, 141] except for his ineffective-assistance claim concerning trial counsel's alleged advice concerning an alleged plea offer, and DENIES Sarvis's motion for appointment of counsel [D.E. 139].

SO ORDERED. This 1 day of August 2017.

JAMES C. DEVER III
Chief United States District Judge