IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-83-D
No. 7:16-CV-142-D

| | | |
|---|---|---|
| WILLIS SARVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 9, 2016, Willis Sarvis ("Sarvis") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 134]. On October 11, 2016, in response to a court order directing him to do so, Sarvis amended his section 2255 motion [D.E. 138]. On November 17, 2016, Sarvis filed a corrected section 2255 motion [D.E. 141]. On February 23, 2017, the government moved to dismiss Sarvis's section 2255 motions [D.E. 146] and filed a memorandum in support [D.E. 147]. On March 21, 2017, Sarvis moved to amend his section 2255 motion [D.E. 152] and responded in opposition to the government's motion to dismiss [D.E. 153]. On August 1, 2017, the court granted in part and denied in part the government's motion to dismiss, and dismissed Sarvis's section 2255 motions except for his ineffective-assistance claim concerning trial counsel's alleged advice concerning an alleged plea offer. See [D.E. 154]. On September 12, 2017, Sarvis moved for leave to amend his section 2255 petition and for reconsideration of the court's August 1, 2017 order [D.E. 155]. On December 15, 2017, the government responded in opposition [D.E. 157]. On January 26, 2018, Sarvis moved for an extension of time to reply [D.E. 158]. On February 20, 2018, Sarvis replied [D.E. 159]. As explained below, the court denies Sarvis's motion for reconsideration and

for leave to amend, grants Sarvis's motion for an extension of time, and orders an evidentiary hearing concerning Sarvis's one remaining claim.

I.

Sarvis moves for reconsideration of the court's August 1, 2017 order dismissing his ineffective assistance of counsel claims except his claim concerning the plea bargaining process. See [D.E. 155] 1. Alternatively, Sarvis asks the court to treat his motion as a notice of appeal. Id. The court's order was not a final order. See, e.g., Fordham v. McRae, No. 5:07-CT-3157-D, 2010 WL 4827922, at *2 (E.D.N.C. Nov. 19, 2010) (unpublished). Thus, Federal Rule of Civil Procedure 54(b) governs. Rule 54(b) provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." Id. Sarvis has not presented any argument warranting reconsideration. Accordingly, the court denies the motion. As for Sarvis's request that the court treat his motion as a notice of appeal, the court's order was not final, and thus is not appealable. See, e.g., Love v. Johnson, 865 F.2d 1258, 1989 WL 1194, at *1 (4th Cir. 1989) (per curiam) (unpublished table decision). Moreover, if Sarvis wishes to file a notice of appeal, he must follow the procedural rules concerning the appeal of a section 2255 motion.

2

Sarvis also asks the court for leave to amend his section 2255 petition to include a claim under Dean v. United States, 137 S. Ct. 1170 (2017). A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," id., the court need not grant a plaintiff leave to amend when "the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

The court declines to grant Sarvis leave to amend his section 2255 motion because his amendment would be futile. See id. Sarvis's claim is untimely. Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005). Sarvis filed his motion more than three years after his judgment became final.[1] Moreover, Dean did not

---

[1] Sarvis's judgment became final on June 8, 2015, when the Supreme Court denied his petition for a writ of certiorari. See Sarvis v. United States, 135 S. Ct. 2820 (2015).

3

announce a new rule of constitutional law that was made retroactive to cases on collateral review. See, e.g., United States v. Higgs, No. 3:16CR04–HEH, 2018 WL 4690895, at *2 (E.D. Va. Sept. 28, 2018) (unpublished); Wells v. Terris, No. 17-12253, 2018 WL 2016155, at *2 (E.D. Mich. May 1, 2018) (unpublished).

Alternatively, Sarvis's Dean claim fails on the merits. In Dean, the Supreme Court held that a sentencing court is not prohibited from considering the mandatory minimum sentence under 18 U.S.C. § 924(c) when calculating an appropriate sentence for the predicate offense. See Dean, 137 S. Ct. at 1176–78. Here, the court understood its authority to vary and sentenced Sarvis to 240 months' imprisonment on the predicate offense and consecutive life imprisonment on the section 924(c) offense. See Sentencing Tr. [D.E. 115] 25–36; see also United States v. Dorsey, No. 17-4434, 2018 WL 3654848, at *3 (4th Cir. Aug. 1, 2018) (per curiam) (unpublished). Accordingly, Sarvis's claim fails.

As for Sarvis's ineffective assistance of counsel claim concerning the plea bargaining process, genuine issues of material facts exist concerning trial counsel's alleged advice concerning an alleged plea agreement. See, e.g., United States v. Dickerson, 546 F. App'x 211, 214 (4th Cir. 2013) (per curiam) (unpublished) ("The . . . determination that counsel's advice to forgo a written plea agreement was a strategic one is a factual determination requiring a credibility determination . . . ."). The court will hold an evidentiary hearing concerning the claim.

II.

In sum, the court GRANTS Sarvis's motion for an extension of time to file a reply [D.E. 158], and DENIES Sarvis's motion for reconsideration and for leave to amend his section 2255 petition [D.E. 155]. The court will hold an evidentiary hearing concerning the remaining claim. The parties shall confer and propose three different dates for the hearing.

4

SO ORDERED. This 4 day of October 2018.

                                                     JAMES C. DEVER III
                                                     Chief United States District Judge